Campbell, Chief Justice,
delivered the opinion of the court:
The Chicago & Eastern Illinois Railway Company sues to recover compensation for services rendered in the transportation of mails upon two designated mail routes for the period from November 1, 1916, to December 31, 1917, inclusive. It claims payment for the return trip of “lesser units ” of storage space (less than a full storage car) where the Post Office Department “ authorized ” storage space in one direction only and where upon the return trip no part of the car Avas used by the railroad company. Plaintiff illustrates its contention as follows: A storage space unit of 30 feet was “ authorized ” on its line from Chicago to Evansville daily, exfcept Sunday. It was paid for the service one way, and it claims payment for the return of that unit from Evansville to Chicago, as no portion of the car upon such 30-foot unit was used by the company on the return trip. The question naturally arises, why did the department state the service one way instead of by the round trip, and no satisfactory reason is shown for the distinction. It does appear that since March 1, 1920, payment has been made for *587 the return trip of the “lesser units.” The act of July 28, 1916, 39 Stat. 412, 431, authorizes storage space in units of 3 feet, 1 feet, 15 feet, and 30 feet. Section 5 of the act provides that in computing the car-miles of storage cars the maximum space authorized in either direction of a round-trip car run shall be regarded as the space to be computed in both directions unless the car be used by the company in the return movement as mutually agreed upon. The Interstate Commerce Commission, as it was authorized to do by the act of 1916, fixed “ the fair and reasonable rates of payment ” for mail transportation from November 1, 1916, to January 1, 1918, and at a higher rate from and after the last-named date. In its order it provided for computing the space in both directions in the language we have stated from section o' of the act. Why was not payment made accordingly? The defendant says that “the order of the Interstate Commerce Commission affected retroactively only the rate to be paid for the service and did not authorize or direct a restatement of the service itself.” It is thus conceded that the commission fixed “ the rate to be paid for the service,” but the contention is that there was no “ restatement of the service itself,” by the Post Office Department. We find no difficulty in concluding that if the department did not “ restate ” the service it should have done so after the commission acted and determined the rate. Authorized as it was to fix a fair and reasonable rate of service, and having performed that duty, the order of the commission should be given effect. There is nothing in the act that authorizes a defeat of the commission’s order and finding by the failure of the department to “ restate ” the service. It having stated the service in the first instance, the compensation prescribed by the commission’s order is applicable on the return movement. We think, therefore, that the plaintiff is entitled to recover. The amount is not in dispute, and there is a stipulation to the effect that the statement of the facts in the petition is true. Judgment will be awarded accordingly. And it is so ordered.
Moss, Judge; Hax, Judge; and Booth, Judge, concur.
Graham, Judge, took no part in the decision of this case.