Booth, Chief Justice,
delivered the opinion:
The plaintiff, Chicago & Eastern Illinois Railway Company, is an Illinois corporation operating a line of railway from Chicago, Illinois, via Terre Haute, Indiana, to Evansville, Indiana. Its line is an authorized post-office mail route, identified as No. 106716, and plaintiff transports mail over the same from' Chicago to Evansville and intermediate stations. This litigation concerns only two authorizations of stated service and the outcome is solely dependent upon the construction of section 4 of the order of the Interstate Commerce Commission of December 23, 1919, providing a method of computing fixed rates for the transportation of the mails by the railroads. This section is as follows:
“4. * * * ln computing the miles of service of a storage car or lesser unit, the maximum space authorized in either direction of a round-trip car run shall be regarded as the space to be computed in both directions unless any part of the car containing such unit be used by the railroad company in the return movement.”
On March 1, 1920, the Post Office Department issued its “ Instructions and Rulings with Reference to Railway Mail Pay,” and paragraph 1 (b) is as follows :
“ 1. (b) Regular authorizations of closed-pouch service shall be stated in one direction only and between points where the mails are actually carried, the space to be confined to the actual necessities of the service. For example: Where a train runs from A by B to C and a 7-foot unit is needed from A to B and a 15-foot unit is needed from B to C, the units of space will be so authorized and paid for in one direction only.”
There are five classes of Railway Mail Service provided for by the order of the Interstate Commerce Commission of December 23, 1919, viz: Full railway post-office car mail service, i. e., where the entire car, sixty feet in length, is entirely given over, equipped, and' furnished for the *415 handling of mails by Government mail clerks while, in transit. ' The next class is the apartment railway post-office car, i. e., a post-office car so constructed that a thirty or fifteen-foot space therein will be reserved, furnished and equipped for the handling of the mails by mail clerks while in transit and the remainder of the space available to the railroad for traffic purposes, usually a baggage compartment. Apartment-car service is the same service as full-railway post-office cars, except for the decreased space occupied by the clerks and the mails. They serve the purposes of the department on mail routes where an R. P. O. car is not needed. Next comes a sixty-foot storage car. This, service, as its name indicates,' is a storage service. Mails are placed therein designated for a certain station and are not distributed or handled in transit by mail clerks; simply placed therein in pouches or sacks and discharged at destination. The railway mail pay act provides that the authorization for storage cars shall be for cars sixty feet in length, provided “Thai storage space in units of three feet, seven feet, fifteen feet, and thirty feet, both sides of car, may be authorized in baggage cars at not exceeding pro rata of the rates hereinafter named for sixty-foot storage cars.” (Italics inserted.) The proviso just quoted necessitated the fixing by the commission of a method of computation, as well as rates of pay for units of storage space mentioned therein, and the commission in its order fixed both the rates of pay and the method of computing the same for furnishing storage space of thirty, fifteen, seven, and three feet dimensions. The fifth and last class named in the order is closed-pouch mail service, i. e., the “ transportation and handling by railroad employees of mails on trains on which full or apartment railway post-office cars are not authorized, except as hereinbefore provided.” This service embraces the handling of the mails by the railroad’s employees in closed pouches or mail sacks. The mails so handled are discharged at designated stations in closed pouches or sacks, no distribution in transit is required, and authorizations for it are stated in space units fifteen, seven, and three feet, which the railroad company is compelled to reserve and *416 supply. As a general proposition closed-pouch space service is usually supplied by the railroads in the baggage compartment of trains along with express matter and baggage traffic, and inasmuch as this same baggage compartment is utilized by the railroad company on the return movement of its trains, the company is not under the orders of the commission entitled to pay for the service except in one direction. This same rule obtains as to storage cars or storage space service; if the railroad company utilizes the car or storage space for traffic purposes on the return movement, its pay for the same is upon the basis of a one-direction movement.
It is not disputed that for all classes of service, both as to car and space service enumerated above, the railways are paid for a two direction or round trip service, i. e., when the the car or space is returned empty the return or “ deadhead ” trip is included in the mileage computation of pay except for closed-pouch service, and for the return trip where this class of space service is furnished the Post Office Department declined to appx-ove bills for the same, insisting that under section 4 of the order of the commission issued December 23, 1919, and its own instructions and rulings, both of which we have heretofore quoted, the railroads are entitled to pay for only a one-direction trip.
The plaintiff, as the findings show, between April 1, 1923, and April 26,1926, operated a train from Chicago to Evansville known as train No. 1. On this train the Post Office Department authorized a thirty-foot railway post-office apartment car, i. e., a car consisting of thirty feet of distributing space from Chicago to Terre Haute, Indiana, and the plaintiff provided and transported this car on this train 'daily, except Sunday. This service, as noted, was discontinued at Terre Haute and from Terre Haute south to Evansville a closed-pouch service was authorized. Between Chicago and Terre Haute the mail destined to points south thereof was placed by the' mail clerks in closed pouches or sacks and this mail, together with all the closed-pouch mail carried in the baggage compartment of the apartment railway post-office car between Chicago and Terre Haute, *417 had to be transported by the plaintiff in available space of the train’s baggage compartment, and if not, in additional space which the plaintiff was compelled to furnish. During this entire period the plaintiff was unable because of the congested condition of its baggage compartment on this train to place this mail and transport it therein, and in order to transport it the plaintiff did not remove the railway post-office apartment car from its train at Terre Haute but carried it through to Evansville, supplying the requisite and authorized space to the department for its transportation in the baggage compartment of this car. This car was returned empty to Terre Haute the next day on plaintiff’s northbound train No. 6, where upon its arrival it was boarded by the defendant’s mail clerks and continued on to Chicago.
The department has refused and continues to refuse to pay plaintiff for the return of this authorized closed-pouch space from Evansville to Terre Haute, affirming a right so to do on the basis of the order and rulings herein involved. The plaintiff as to this item of its claim is asserting a right to pay for the return movement of only the authorized closed-pouch' service it furnished from Evansville to Terre Haute, it having been paid on the basis of a one direction trip service.
During the months of December, 1923, and January, February, and March, 1924, the plaintiff, under proper authorizations from the Post Office Department, carried on its train No. 9 one railway post-office car and one storage-mail car from Chicago to Terre Haute. Plaintiff was also required to carry on its train No. 9 mails from Chicago to Evansville and mails destined to Atlanta, Ga., Nashville, Tenn., and other southeastern points. When train No. 9 reached Terre Haute plaintiff was required to remove or, as said, “ cut out ” of the train the regular E.. P. O. and storage cars, which were to go forward on later trains, and in order to transport the through mail, as described above, plaintiff was compelled to carry an extra storage car from Chicago to Evansville, which it did. The Post Office Department approved plaintiff’s bills for this extra storage car for its southbound *418 trip on the basis of storage space from Chicago to Terre Haute, and closed-pouch space, Terre Haute to Evansville, but refused to approve its bills for the return trip of this car from Evansville to Terre Haute, allowing plaintiff pay only for the empty return trip from.Terre Haute to Chicago on a storage-car basis of computation. Plaintiff as to this item seeks compensation for the return trip of authorized storage space, Evansville to Terre Haute.
In ascertaining the scope and intent of section 4 of the commission’s order of December 23, 1919, we are bound' in. the first instance, we think, to accord to its language the usual, customary, and ordinary meaning of the words used. When the commission used the words, “ In computing the miles of service of a storage car or lesser unit ” it had had before it for over three years every phase and detail of the transportation of mails by rail, both on the part of the Post Office Department and the railroads; and the purpose and intent of the order we must presume, in view of the act authorizing it, was to prescribe the-method “ for ascertaining such rate or compensation and to publish the same,” not, as contended for by the defendant, a restricted method limited to certain classes of service to be furnished but a comprehensive one embracing every class of service to be furnished. We think it would be an unwarranted inference to deduce from the order a conclusion that the method of fixing pay for closed-pouch mail service was not included in the same, but left to the determination of the Post Office Department, a subject-matter which the act expressly withdrew from the authority of that department. Closed-pouch service is unquestionably a lesser unit of service; it falls within the language used by the commission and is substantially similar in all respects to storage space service. Authorization for fifteen feet of closed-pouch service entails upon the railroad precisely the same obligation to supply that exact number of feet of space for the transportation of the mails as an authorization for fifteen feet of storage space. The only difference in the character of the mails to be carried is that closed-pouch service exacts a handling of the mails by the railroad’s employees and a slight increase in rate is provided *419 to compensate for this additional service. Storage space may be authorized in baggage compartments of mixed traffic cars, and the only reason we are able to deduce in the discriminating rate between the two services made by the Post Office Department is that closed-pouch space service is said to be generally accomplished in the baggage cars of mixed traffic cars in a train. Just why storage space of exactly the same dimensions is stated as a round-trip service and closed-pouch a one-direction service is not satisfactorily explained in the record. To sustain the defendant’s contention we must read into the commission’s order “ lesser unit of storage space,” words that are not present and which were not inserted by the commission until long after this service was performed. It is impossible to find in the order any provision for computing the rate of pay for any class of the service mentioned upon a one-direction basis. On the contrary, the order following the statute fixes the car basis as therein provided, and when referring to lesser unit of service, the method for the computation of which did not appear . in the statute, sets forth a method of computation predicated .upon a return trip basis. We need but assert that under the statute the Post Office Department was as to this controversy without authority to alter the commission’s order or to fix a method of computing the plaintiff’s pay.
The defendant contends that tñe commission approved the Post Office Department’s ruling as to the method of ascertaining closed-pouch service pay in a response to a petition filed with the commission seeking its opinion as to the- department’s instructions and rulings promulgated subsequent to the commission’s original order of December 28, 1919. We have carefully examined the cited authority to sustain this contention, and unless we misapprehend its effect we think its purpose and intent may not be so construed. In the first place this controversy was not involved in' the petition which invoked the commission’s opinion, and the advisory opinion given obviously points out that if the petitioners are dissatisfied with the rulings of the Post Office Department the statute points out a way in which they may ask for modifications thereof. In addition to this, the Post *420 Office Department found it necessary to obtain later from the commission a modification of the order to comply with its rulings with respect thereto. If the advisory opinion of 1920 was conclusive it was wholly unnecessary to secure a modification of the order eight years later.
It is true that on July 10, 1928, the Interstate Commerce Commission changed its order of December 23, 1919, in acting upon a petition of the Post Office Department and various railroads, made necessary among other matters, by a controversy over the ruling of the Post Office Department with respect to the precise issue involved in this case. The order of July 10, 1928, is found in Finding VII, and it is to be noted that the order of December 23, 1919, is amended and changed to read as follows:
“ It is further ordered,, That with respect to the carriers included in this proceeding upon reexamination, the provisions of the third paragraph of section 4, and the provisions of sections 5, 6, and 8 of the order entered December 23, 1919, as amended, be and they are hereby, changed to read as follows:
“ 4. In computing the miles of service of a storage car or lesser storage-space unit, the maximum space authorized in either direction of a round-trip car run shall be regarded as the space to be computed in both directions unless any part of the car containing such unit be used by the railroad company in the return movement.”
The commission possessed power and authority to change its orders and by changing or amending an order we are not to presume a previous effective and lawful order is to be construed contrary to what its provisions indicated. On the contrary, the act which conferred authority upon the commission to formulate and publish .orders as to methods of computing rates of pay expressly provided: “ and orders so made and published shall continue in force until changed by the commission after due notice and hearing.” (39 Stat. 429.)
The plaintiff in this case furnished the authorized space required of it by the Post Office Department. It could not transport the mails in a baggage compartment of a mixed traffic car of its train without seriously interfering with its express and passenger business. It did supply the space *421 required as the law compelled it to do, and the space was utilized for no other purpose than the transportation of the mails, and we think it is entitled under the commission’s order of December 23, 1919, to be paid for the empty return trip of that space from Evansville to Terre Haute .as a “ lesser unit.” The return movement of all space authorizations is never paid for if the railroad utilizes the space for traffic purposes. The statute and the rulings of the department are to this effect. The defendant cites no ruling of the Post Office Department that closed-pouch space service must be furnished in the baggage compartments of trains. It is true, as the testimony discloses, that closed-pouch service in its smaller units is usually accomplished by reserving the space in the baggage compartments of the railroads’ trains and that inasmuch as the return trip of the baggage compartment is utilized for traffic purposes no rate of pay is allowable for it; but we find nothing in the record of a mandatory character exacting such a service in baggage compartments, and when a railroad’s trains are so congested that it is impossible to handle the closed-pouch service in its baggage compartment and hence is compelled to provide the required space in another car of its train, it is, we think, the performance of service that falls within the method of computing rates of pay clearly set forth in the commission’s order of December 23, 1919, an order whicli the defendant concedes entitles all other classes of space service to round-trip mileage pay.
This court had before it a contention somewhat similar to the one in this case in the case of the Chicago & Eastern Illinois Railway Co. v. United States, 63 C. Cls. 585. In this case the defendant contended that inasmuch as the Post Office Department had authorized storage space in one of the plaintiff’s trains and stated the service in one direction only, i. e., from Chicago to Evansville, the plaintiff was not entitled to pay for the return movement of said space from Evansville to Chicago. In awarding the plaintiff judgment for the amount conceded as due for the return movement of the space involved the court said (p. 587) :
“The act of July 28, 1916 (39 Stat. 412, 431), authorizes storage space in units of 3 feet, 7 feet, 15 feet, and 30 feet. *422 Section 5 of the act provides that in computing the car-miles of storage cars the maximum space authorized in either direction of a round-trip car run shall be regarded as the space to be computed in both directions unless the car be used by the company in the return movement as mutually agreed upon. The Interstate Commerce Commission, as it was authorized to do by the act of 1916, fixed ‘ the fair and reasonable rates of payment ’ for mail transportation from November 1, 1916, to January 1, 1918, and at a higher rate from and after the last-named date. In its order it provided for computing the space in both directions in the language we have stated from section 6 of the act. Why was not payment made accordingly? The defendant says that ‘ the order of the Interstate Commerce Commission affected retroactively only the rate to be paid for the service and did not authorize or direct a restatement of the service itself.’ It is thus conceded that the commission fixed 1 the rate to be paid for the service,’ but the contention is that there was no ‘ restatement of the service itself,’ by the Post Office Department. We find no difficulty in concluding that if the department did not ‘ restate ’ the service it should have done so after the commission acted and determined the rate. Authorized as it was to fix a fair and reasonable rate of service, and having performed that duty, the order of the commission should be given effect. There is nothing in the act that authorizes a defeat of the commission’s order and finding by the failure of the department to 'restate ’ the service. It having stated the service in the first instance, the compensation prescribed by the commission’s order is applicable on the return movement. We think, therefore, that the plaintiff is entitled to recover.”
The mail transported on train No. 9 out of Chicago southbound to Evansville and other southeastern points, in so far as the computation of pay is concerned, is clearly within the order of the commission of December 23, 1919. The facts set forth in Finding VI evidence a situation where the service rendered designates it as the plaintiff designated it, storage space Chicago to Terre Haute and closed pouch Terre Haute to Evansville. If we are correct as to our decision upon the first item of the el'aim, we think this item is allowable. The defendant raises an issue of fact and contends for an adverse finding as to the necessity of the plaintiff’s transporting the mails in the way and manner they were transported. The record in this respect is somewhat contradictory, but we are *423 of the opinion that the issue thus raised is an immaterial one. What the plaintiff did was, under proper authorizations, to transport the mails, and if the space set aside for accomplishing the same was not used for railroad traffic and falls within the term “ lesser unit ” set out in the order of December 23, 1919, then pay for the return movement of the space obtains. If the defendant’s construction of the order is correct then only storage space falls within the term “ lesser unit ” and the plaintiff is not entitled to the pay claimed. This, we think, is the single vital issue, and extraneous facts tending to disclose what the plaintiff might have done in the judgment of the Post Office Department, as well as negotiations between the department and the plaintiff whereby the latter sought to obtain authorizations to carry the mail, are not relevant. The commission was the only tribunal authorized to establish a method of computing the rate of pay, and its order is the subject matter of this suit.
Judgment for plaintiff in the sum of $8,913.44. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and GkeeN, J'udge, concur.